UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | Case No. 19 CV 8261 |
| ) | |
| v. ) | Judge Jorge L. Alonso |
| ) | |
| Eric Rogers, ) | |
| ) | |
| Defendant. ) | |

## Memorandum Opinion and Order

Petitioner Eric Rogers pled guilty to conspiracy to obstruct, delay, and affect commerce by robbery and using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §1951(a) and 18 U.S.C. §924(c)(1)(A). Rogers was one of the leaders of a group that robbed cell phone stores in Illinois and Indiana throughout 2013. Rogers filed a post-conviction petition under 28 U.S.C. §2255 arguing that Supreme Court precedent invalidates his conviction, that his conspiracy conviction cannot serve as a predicate crime of violence for his §924(c) conviction, and that he is innocent of the §924(c) charge because he never possessed a firearm during the robberies nor entered the threshold of any store. For the reasons below, the Court denies Roger's petition [1].

## Background

### I. Criminal Case

Rogers led of a group of individuals that robbed several cell-phone stores located in Illinois and Indiana. In connection with these events, Rogers was arrested and charged with the following crimes by superseding indictment: conspiracy to obstruct, delay, and affect commerce

by robbery, in violation of 18 U.S.C. §1951(a) (Count One); obstructing, delaying and affecting commerce by robbery, in violation of 18 U.S.C. §1951(a) (Counts Two, Four, Nine, and Eleven), and using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §924(c) (Counts Three, Five, Ten and Twelve). On April 25, 2016, Rogers entered a guilty plea pursuant to a written plea agreement to Counts One and Five of the superseding indictment. In the plea, Rogers admitted that:

> On or about March 19, 2013, defendants ERIC ROGERS . . . robbed an AT&T store located at 4155½ North Harlem Avenue, Norridge, Illinois, taking cellular telephones from employees. . . On or about March 19, 2013, at Norridge, in the Northern District of Illinois, Eastern Division, ERIC ROGERS . . .[and others] defendants herein, did use, carry, and brandish a firearm during and in relation to a crime of violence for which they each may be prosecuted in a court of the United States, namely, a robbery affecting commerce in violation of Title 18, United States Code, Section 1951(a), as charged in Count Four of this Superseding Indictment; in violation of Title 18, United States Code, Section 924(c)(l)(A) and 2. Specifically, on March 19, 2013, ERIC ROGERS . . .[and others] planned the robbery of the AT&T store in Norridge, Illinois. Prior to the robbery, ERIC ROGERS recruited . . .[others] to participate in this robbery and Eric Curtis recruited Individual A to participate in the robbery. Curtis provided Wadlington-Anthony with a firearm to use for the robbery. ROGERS knew that Wadlington-Anthony would use the firearm during this robbery. . . After meeting at the East Hazel Crest residence, all the individuals travelled to Norridge in two separate vehicles . . . Wadlington-Anthony pulled out a firearm and ordered the victims to the back of the store. Individual B and one of the victims filled up a bag with phones. Wadlington-Anthony and Individual B left the store with the stolen phones. After the robbery, ERIC ROGERS, Ryan Rogers, and Eric Curtis sold the stolen phones and split the proceeds.

Moreover, Roger's plea agreement contained a waiver provision, which states:

> . . . if the government makes a motion at sentencing for a downward departure pursuant to Guideline § 5Kl.1, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel, nor does it prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief, has been expressly made retroactive by an

Act of Congress, the Supreme Court, or the United States Sentencing Commission.

At sentencing, the government moved for a downward departure and recommended a total sentence of 210 months, which represented a 34% departure from the bottom of the U.S. Sentencing Commission Guidelines range. The Court adopted the government's recommendation and imposed a 210-month prison sentence and concurrent three-year term of supervised release. The government, in turn, dismissed counts 2, 3, 4, 6, 7, 8, 9, 10, 11, and 12 of the superseding indictment.

After his sentencing, Rogers appealed the Court's final judgment. Rogers's counsel moved to withdraw from the appeal, arguing that it was frivolous per *Anders v. California*, 386 U.S. 738 (1967). The Seventh Circuit agreed and granted the motion to withdraw and dismissed the appeal. *See United States v. Eric Rogers*, 781 Fed. Appx. 559 (7th Cir. 2019).

## Legal Standard

A federal prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence" "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. §2255(a). After a prisoner files such an action, the Court may then "grant a prompt hearing thereon, determine the issues and make finding of facts and conclusions of law with respect thereto." 28 U.S.C §2255(b). A district court is not required, however, to grant an evidentiary hearing in all §2255 cases. *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015).

A §2255 motion asks a court to grant an "extraordinary remedy for one who already has had an opportunity for full process." *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006). It follows that a district court must ensure that "a threshold showing has been made that justifies the commitment of judicial resources necessary to accomplish this delicate and demanding task."

3

*Id.* If "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief", a hearing is not required. 28 U.S.C. §2255(b); *see also Martin*, 789 F.3d at 706. On the other hand, if the petitioner alleges facts that, if proven, would entitle him to relief, the court must grant an evidentiary hearing. *Martin*, 789 F.3d at 706.

## Discussion

In his §2255 motion, Rogers asserts two separate grounds for relief. In Ground One he argues that his conspiracy conviction is not considered a crime of violence and therefore his guilty plea with respect to the §924(c) charge (Count Five) is unconstitutional. In Ground Two he argues that he is innocent of the §924(c) conviction because he never entered the threshold of any store during any of the robberies or possessed a firearm during any crime. The government responds that Curtis has waived his right to seek post-conviction relief in his plea agreement and, therefore, the Court should dismiss Rogers's petition. Rogers failed to file a reply to the government's brief, despite the Court *sua sponte* granting him an extension until December 2, 2022, to do so. *See* [17]. The Court addresses each ground for relief in turn.

**I.     Ground One: Conspiracy to Commit Hobbs Act Robbery**

Rogers first argues that his §924(c) conviction is unconstitutional because his conspiracy to commit Hobbs Act robbery conviction cannot serve as a predicate crime of violence under 18 U.S.C. §924(c)(1)(A). Rogers also asserts that, under Supreme Court precedent, his plea has been rendered unconstitutionally vague. The government, in response, argues that Rogers waived his right to seek post-conviction relief except for two circumstances which do not apply here: ineffective assistance of counsel or a change in the law that applies to Rogers and is made retroactive. The government further argues that the changes in law regarding crimes of violence under §924(c) that Rogers references do not apply to him.

4

Rogers's challenge faces three hurdles. First, the precedent he refers to does not invalidate his §924(c) conviction. The Supreme Court has held that the definition of a "crime of violence" under subsection B of 18 U.S.C. §924(c) (the "residual clause") is unconstitutionally vague, and that conspiracy to commit Hobbs Act robbery is not a crime of violence for purposes of 18 U.S.C. §924(c)(3)(A). *See United States v. Davis*, 139 S. Ct. 2319, 2325 (2019). But as the government correctly points out, the Supreme Court has not ruled that a Hobbs Act conspiracy conviction itself is constitutionally invalid. Indeed, the Hobbs Act, 18 U.S.C. §1951(a), is based on "the constitutional power Congress has to punish interference with interstate commerce by extortion, robbery or physical violence." *Taylor v. United States*, – U.S. –, 136 S. Ct. 2074, 2079, 195 L.Ed.2d 456 (2016) (quoting *Stirone v. United States*, 361 U.S. 212, 215, 80 S. Ct. 270, 4 L.Ed.2d 252 (1960)). Rogers's conspiracy conviction, therefore, remains a valid criminal conviction even if it cannot be used as a predicate offense for a §924(c) conviction.

Second, Rogers incorrectly assumes that his § 924(c) conviction rested on the Hobbs Act conspiracy charge. The government charged Rogers with a §924(c) count based on Count Four of the superseding indictment, which charged Rogers with a substantive Hobbs Act robbery occurring on March 19, 2013, in Norridge, Illinois. And a substantive Hobbs Act robbery does, in fact, qualify as a crime of violence under 18 U.S.C. §924(c)(3)(A) (the "elements clause"). *See United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017). In fact, Count Five—the § 924(c) charge Rogers pled guilty to—stated that Rogers and his codefendants, in relation to the 2013 Norridge robbery, "did use, carry, and brandish a firearm during and in relation to a crime of violence for which they each may be prosecuted in a court of the United States, namely, a robbery affecting commerce in violation of Title 18, United States Code, Section 1951(a), as charged in Count Four of this Indictment; [i]n violation of Title 18, United States Code, Section 924(c)(l)(A) and

2." The fact that Rogers did not plead guilty to Count Four is immaterial; §924(c) defines a stand-alone crime. *Davila v. United States*, 843 F.3d 729, 731 (7th Cir. 2016). Thus, when Rogers admitted to the factual basis in his guilty plea, he admitted to a substantive offense that made him eligible for a conviction under §924(c).

Third, the Court agrees with the government that the plea agreement's waiver provision precludes Rogers's claim under Ground One. The Seventh Circuit effectively settled the question of waiver, as it applies to cases like this one, in *Grzegorczyk v. United States*, 997 F.3d 743 (7th Cir. 2021). In *Grzegorczyk*, the defendant pled guilty to one count of murder-for-hire in violation of 18 U.S.C. §1958(a) and one count of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §924(c)(1)(A). *Id.* at 745. Under the written plea agreement, Grzegorczyk waived, among other rights, the right to "all appellate issues that might have been available if he had exercised his right to trial." *Id.* After his sentencing, the Supreme Court decided *Johnson v. United States*, invalidating as unconstitutionally vague the definition of a "violent felony" under the residual clause of the Armed Career Criminal Act, *see* 576 U.S. 591, 606 (2015), and later extended this reasoning to the residual clause of §924(c), holding the definition of "crime of violence" in that statute's residual clause to be unconstitutionally vague, *United States v. Davis*, – U.S.–, 139 S. Ct. 2319 (2019). Grzegorczyk filed a petition under 28 U.S.C. §2255 for relief from his §924(c) conviction in light of *Johnson* and *Davis*. *Grzegorczyk*, 997 F.3d at 746.

The Seventh Circuit held that Grzegorczyk waived his claim. In doing so, the Seventh Circuit analyzed the Supreme Court's decision in *Class v. United States*, – U.S. –, 138 S. Ct. 798 (2018), which held that a guilty plea, by itself, does not bar a defendant from challenging a statute's constitutionality on direct appeal. But the court explained that *Class* did not help

Grzegorczyk because an unconditional plea of guilty is sufficient to waive a defendant's right to contest the proper interpretation of the statute of conviction. *Grzegorczyk*, 997 F.3d at 748. And because Grzegorczyk challenged an issue of statutory construction—*i.e.*, whether murder-for-hire was a "crime of violence" under the §924(c)'s elements clause—his unconditional guilty plea waived that issue. *Id.*

So too here. Rogers does not maintain that §924(c) is invalid or challenge the government's power to criminalize his conduct. Instead, he asserts that conspiracy to commit Hobbs Act robbery does not constitute a crime of violence under §924(c). But, aside from the fact that he identifies the incorrect predicate offense, Rogers's assertion is waived by his unconditional plea. *See United States v. Wheeler*, 857 F.3d 742 745 (7th Cir. 2017) ("[A]n unconditional guilty plea waives any contention that an indictment fails to state an offense."); *see also United States v. Grayson Enterprises, Inc.*, 950 F.3d 386, 402 (7th Cir. 2020). Accordingly, the petition is denied as to Ground One.

**II.     Ground Two: Rogers's Claim of Innocence**

Next Rogers argues that he is innocent of the §924(c) conviction because he never entered the threshold of any store to commit a robbery. But again, Rogers's assertion runs headlong into his guilty plea and the waiver provision. This provision provides, among other things, that Rogers gave up his right to seek any post-conviction relief in exchange for the government moving at his sentencing for a downward departure from the sentencing guidelines. The provision only permits Rogers to seek limited post-conviction relief for: (i) ineffective assistance of counsel, or (ii) a change in the law that is applicable to Rogers and that, prior to the filing of Rogers's request for relief, has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission.

Neither of these exceptions apply. Nowhere in his post-conviction petition does Rogers indicate that his counsel provided ineffective assistance. Similarly, Ground Two does not seek to reduce his sentence based on a change in the law. Rather, it seeks to outright overturn his conviction based on Rogers's purported innocence. This is precisely the kind of argument precluded by the guilty plea.

A valid guilty plea relinquishes any claim that would contradict the "admissions necessarily made upon entry of a voluntary plea of guilty." *United States v. Broce*, 488 U.S. 563, 573-74 (1989). And here, Rogers admitted that he recruited others to participate in the Norridge robbery, knew that one of the accomplices would use a firearm during the robbery, and did in fact use that firearm to order two victims to the back of the store and complete the robbery. After the robbery, Rogers and his accomplices sold the phones and split the proceeds. In short, Rogers waived his innocence argument under Ground Two. *See United States v. Smith*, 759 F.3d 702, 706 (7th Cir. 2014) ("Plea agreements, although they are unique in the sense that they are negotiated, executed, approved, and enforced in the context of a criminal prosecution that affords the defendant a due process right to fundamental fairness, are contracts nonetheless. [] They should be interpreted, therefore, according to their terms." (internal citations omitted)).

## Conclusion

For the reasons above, the Court denies Rogers's petition [1]. The record before the Court clearly shows that Rogers is not entitled to relief. The Court declines to issue a certificate of appealability. Civil case terminated.

**SO ORDERED.**                                               **ENTERED: January 9, 2023**

                                                                                         _____
                                                                                          **HON. JORGE ALONSO**
                                                                                          **United States District Judge**